IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-180-MJR |
| | ) | |
| S.A. GODINEZ, WARDEN RYKER, | ) | |
| WARDEN CAMPANELLA, and | ) | |
| WARDEN HODGE, | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Henry Johnson, a prisoner at Lawrence Correctional Center, brings this pro se action pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> **(a) Screening.**— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for Dismissal.**— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    **(2)** seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable in-

ference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of the plaintiff's claim, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. At the same time, however, the factual allegations of a pro se complaint are to be construed liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

Upon careful review of the complaint (Doc. 1), the Court finds it appropriate to exercise its authority under § 1915A; Plaintiff's complaint is subject to summary dismissal.

**The Complaint**

Plaintiff claims a violation of the Equal Protection Clause of the Fourteenth Amendment. He is classified as a "level two" prisoner at Lawrence Correctional Center, a "level two" facility. He says he is being denied the treatment, amenities, and privileges of other prisoners classified and housed at other level-two prisons, including Big Muddy River, Centralia, Danville, Dixon, Graham, Hill, Illinois River, Logan, Pinckneyville, Pontiac, Shawnee, and others. Privileges at those prisons include dayroom twice a day, showers daily, access to phones daily, ice in the dayroom, hot meals at breakfast, access to the commissary weekly, a personal coat, solid deodorants, level-two commissary products, and yard five days a week. Also there is no timer on the toilet flush at those prisons.

At Lawrence, however, there is no dayroom. Inmates get showers three times a week, access to phones three times a week, no ice "on deck" (staff pass it out sometimes), cold

meals served in the cells, "on tarmac" and "ECT" twice a week, and access to the commissary once a month if they are lucky. There is a timer on the toilet flush.

Plaintiff argues that he is being discriminated against, denied equal treatment under the law, and punished without justification. He says only the Adjustment Committee should be able to take away privileges and amenities that are approved for level-two prisoners. He contends that due-process rights are not restricted to statutorily created rights; they may also be found in official policies or practices. He asserts that to house him at a level-two facility but deny him the equal-protection privileges and amenities given to every other level-two classified prisoner violates the Fourteenth Amendment.

Plaintiff seeks $1 million in compensation, recovery of his legal fees, and an order directing Lawrence to provide the same privileges as other level-two prisons.

**Discussion**

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir.1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453–54 (7th Cir.1996) (quoting *Shango*, 681 F.2d at 1104).

Plaintiff's argument, that Lawrence is not providing the same privileges and amenities as other level-two prisons, does not state a violation of equal protection. Plaintiff has not established that any state officials have purposefully and intentionally discriminated against him. He does not allege that Defendants Godinez, Ryker, Campanella, or Hodge singled out a particular group for disparate treatment at least in part for the purpose of causing its adverse effects on the identifiable group. "A prison does not cross the line to an equal protection violation merely by having different rules than its counterpart institutions." *Thomas v. Hodge*, Civil No. 12-35-GPM, 2012 WL 2711479, at *2 (S.D. Ill. July 9, 2012). Moreover, "[i]nmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). There is no guarantee that Plaintiff will receive the same privileges as an inmate at another state prison, regardless of the level of the prison.

Plaintiff mentions briefly that due-process rights are not restricted to statutorily created rights; they may also be found in official policies or practices. The Court construes this as an alleged violation of due process under the Fourteenth Amendment. But "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir.1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Thus, regardless of any disparity in the privileges and amenities among prisons, Plaintiff's prison assignment at Lawrence does not violate due process.

**Disposition**

    **IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED with prejudice**. **DEFENDANTS GODINEZ, RYKER, CAMPANELLA,** and **HODGE** are **DISMISSED** from this action **with prejudice**. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order.

    Plaintiff is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir.2011). Furthermore, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915 (b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.1998).

  **IT IS SO ORDERED.**

  **DATED: September 7, 2012**

                **/s/ MICHAEL J. REAGAN**
                **MICHAEL J. REAGAN**
                **United States District Judge**